UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JOVASCEA WILLIAMS-ROBERTS and AVISHOOV ROBERTS, <br>     Plaintiffs, <br><br> v. <br><br> COLOPLAST CORP., *et al.*, <br>     Defendants. | ) ) ) ) ) ) ) ) ) | CAUSE NO.: 2:19-CV-42-JTM-JEM |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Strike Defendants' Affirmative Defenses [DE 49], filed under seal on January 12, 2021. On February 2, 2021, Defendants filed a response, and on February 4, 2021, Plaintiffs filed a reply. Plaintiffs filed their redacted, unsealed motion to strike on February 24, 2021.

**I.  Analysis**

On January 25, 2019, Plaintiff filed a Complaint seeking damages for injuries alleged to have been caused by pelvic mesh implantation, amended on April 16, 2019. On April 30, 2019, Defendants Coloplast Corp. and Coloplast Manufacturing US, LLC, filed an answer to the amended complaint along with affirmative defenses. Fact discovery concluded on July 31, 2020. Plaintiffs now move to strike a number of the affirmative defenses.

The Court may strike from a pleading "an insufficient defense." Fed. R. Civ. P. 12(f). Motions to strike are disfavored, because they "potentially serve only to delay," but when striking portions of a pleading "remove[s] unnecessary clutter from the case," the motion may "serve to expedite, not delay." *Heller v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

Defendants argue that Plaintiffs' motion should be denied as untimely. Rule 12(f) provides that a motion to strike may be made "by a party either before responding to the pleading or, if a

response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). Plaintiffs filed their motion 21 months after being served with the pleading.

Plaintiffs do not dispute that their motion is untimely, but argue that the Court may rule on the merits of the motion despite its untimeliness, and that Defendants have not pointed out any prejudice that would result from the Court ruling on the motion. The Court recognizes the authority finding that it may consider the arguments raised in the motion to strike despite its untimeliness. *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1399 (7th Cir. 1991). However, the instant motion was extremely untimely, filed alongside a motion for summary judgment after the close of fact discovery. Most of Plaintiffs' arguments are conclusory, arguing that Defendants fail to raise specific facts in their pleading, or are fact-specific, relying on testimony and affidavits, "document[s] outside of the pleadings. . . While this may be appropriate in a motion for summary judgment, it exceeds the scope of a Rule 12(f) motion." *Rivertree Landing LLC v. Murphy*, 246 F.R.D. 667, 668 (N.D. Ill. 2007). In addition, Plaintiffs have not demonstrated that they will suffer prejudice if the affirmative defenses are considered with the rest of the case on summary judgment or at trial. *Rivertree Landing*, 246 F.R.D. at 668; *Trull v. Microsoft Corp.*, No. 97 C 2709, 1998 WL 25195, at *1 (N.D. Ill. Jan. 13, 1998). Accordingly, the Court will not address Plaintiffs' untimely motion in depth.

The Court notes that in its response, based on the fact discovery completed in this case, Coloplast agrees to withdraw a number of its affirmative defenses: 2 (statute of limitations/repose); 17 (alterations/modifications of mesh); 23 (federal preemption); 31 (estoppel, laches, and waiver); 34 (forum non conveniens); 37 (res judicata, collateral estoppel, or by release of claims); 55 (lack of personal/subject matter jurisdiction); and 61 (incorporating co-defendant's affirmative defenses). These affirmative defenses are considered withdrawn.

**II.     Conclusion**

For the reasons above, the Court **DENIES** Plaintiff's Motion to Strike Defendants' Affirmative Defenses [DE 49**]**. The Court **ACKNOWLEDGES** that Defendants have withdrawn their affirmative defenses numbered 2, 17, 23, 31, 34, 37, 55, and 61.

SO ORDERED this 19th day of July, 2021.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:     All counsel of record